# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROTO-ROOTER CORPORATION, § | |
| § | |
| *Plaintiff*, § | Civil Action No. 4:20-CV-00497 |
| § | Judge Mazzant |
| v. § | |
| § | |
| GERARDO N. GARCIA, a/k/a GERARDO § | |
| N. GARCIA DE ALBA ET AL., § | |
| § | |
| *Defendants*. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction (Dkt. #16). After considering the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case centers around the well-known trademark ROTO-ROOTER. Plaintiff Roto-Rooter Corporation, owner of the ROTO-ROOTER family of marks, is an eighty-five-year-old business providing sewer, drain, and pipe cleaning services throughout the United States. On June 20, 2020, after several unsuccessful cease-and-desist demands to stop using the ROTO-ROOTER trademark in Defendants' business name "SEÑOR Rooter, Plumbing & Roto Rooter Plumbing Service," Plaintiff sued Defendants for: (1) trademark infringement under the Lanham Act; (2) false designation of origin under the Lanham Act; (3) dilution under the Lanham Act; (4) state trademark infringement; (5) state deceptive trade practices; and (6) common-law trademark infringement (Dkt. #1 at pp. 7–13).

Beginning in late 2019, Plaintiff made multiple demands that Defendants cease use of the ROTO-ROOTER mark (Dkt. #16 at p. 5). On June 30, 2020, Plaintiff served process on Defendants at their place of business (Dkt. #7, #8). On August 4, 2020, Plaintiff filed an application for entry of default (Dkt. #12). On August 5, the Clerk entered default against the Defendants (Dkt. #13). On September 3, 2020, Plaintiff filed its Motion for Default Judgment and Permanent Injunction (Dkt. #16), currently before the Court.

## **LEGAL STANDARDS**

A default judgment is a "judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). It does not, however, establish the "quantity of damages" a defendant owes. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). "Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment." *Arch Ins. Co. v. WM Masters & Associates, Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing FED. R. CIV. P. 55(b)(2)).

There are three steps to obtain a default judgment under the Federal Rules of Civil Procedure. *Nestor v. Penske Truck Leasing Co., L.P.*, No. 4:14-CV-036-DAE, 2015 WL 4601255, at *2 (W.D. Tex. July 29, 2015) (citing *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when a defendant does not plead or otherwise respond to a complaint within the time required by the Federal Rules. *N.Y. Life Ins.*, 84 F.3d at 141; *see* FED. R. CIV. P. 12(a). Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Finally, as in this instance, a plaintiff may apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnoted omitted); *see AAR Supply Chain Inc. v. N & P Enters., LLC*, No. 3:16-CV-2973-L, 2017 WL 5626356, at *1 (N.D. Tex. Nov. 22, 2017) (quoting *Sun Bank*, 874 F.2d at 276) (explaining that default judgments "are available only when the adversary process has been halted because of an essentially unresponsive party" (internal quotation marks omitted)).  While "[t]he Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments," this policy "is 'counterbalanced by considerations of social goals, justice, and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Arch Ins. Co.*, 2013 WL 145502, at *2 (brackets omitted) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)).  Rule 55(b)(2) grants district courts wide latitude in this determination, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).  And even though entry of a default judgment is reviewed for abuse of discretion, *Sindhi v. Raina*, 905 F.3d 327, 330 (5th Cir. 2018), because of "the seriousness of a default judgment, . . . 'even a slight abuse of discretion may justify reversal,'" *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir. 1992) (brackets omitted) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir. 1984)).

## ANALYSIS

In determining whether to enter a default judgment, courts in the Fifth Circuit utilize a three-part analysis: (1) whether entry of default judgment is procedurally warranted, (2) whether there is a sufficient basis in the pleadings for the judgment based on the substantive merits of the claims, and (3) what form of relief, if any, a plaintiff should receive. *See, e.g.*, *Alvarado Martinez v. Eltman Law, P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020).

### I.     Whether an Entry of Default Judgment Is Procedurally Warranted

The Court must first determine whether a default judgment is procedurally warranted. After reviewing the Motion, the Court determines that default judgment is procedurally warranted because the grounds for default are established and neither substantial prejudice nor good faith mistake are present. The Fifth Circuit recognizes six factors relevant to the inquiry of whether a default judgment is procedurally warranted:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

First, no material issues of fact are present. When a defendant defaults, they admit to the plaintiff's well-pleaded allegations of fact. *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, no material facts are in dispute. *See Lindsey*, 161 F.3d at 893. Second, Plaintiff has been substantially prejudiced because Defendants have been nonresponsive for several months. This failure to respond "threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are established because Defendants have been unresponsive, and if the failure to respond is "plainly willful, as reflected by [party's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," then default judgment is appropriate. *Holladay v. OTA Training, LLC*, No. 3:14-CV-0519-B, 2015 WL 5916440, at *4 (N.D. Tex. Oct. 8, 2015) (quoting *Cumins Ins. Soc'y, Inc. v. Billups*, No. 10-1478, 2010 WL 4384228, at *2 (D.D.C Nov. 4, 2010)). Fourth, nothing

in the record provides evidence that the Defendants' lack of response is due to good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893. Fifth, the harshness of the default judgment is not excessive because Plaintiff only seeks the return of funds in which Defendants have no legal interest anyway. *See Holladay*, 2015 WL 5916440, at *5. Lastly, no facts lead the Court to believe "good cause" is present to set aside the default. *See Lindsey*, 161 F.3d at 893. Therefore, the Court determines that default judgment is procedurally warranted.

## II.     Sufficient Basis for the Pleadings

After establishing that default judgment is procedurally warranted, the Court must determine if a sufficient basis for the pleadings is present. Although Defendants are deemed to have admitted the allegations set forth in Plaintiff's complaint, in light of an entry of default, the Court must review the pleadings to determine whether the complaint presents a sufficient basis for relief. *Nishimatsu*, 515 F.2d at 1206 ("The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). The Fifth Circuit looks to Rule 8 for guidance in determining whether a complaint is sufficient. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Pleadings must contain "a short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement gives defendants fair notice of what the claim is and the grounds upon which it rests. *Yang Wu Int'l, Inc. v. LS & CX, LLC*, No. 4:20-CV-312, 2020 WL 6161548, at *3 (E.D. Tex. Oct. 21, 2020). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not

required, but pleadings must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Whether Plaintiff has sufficiently stated claims against Defendants depends on whether it has pleaded a sufficient basis for trademark infringement. Plaintiff sued Defendants under the Lanham Act, so Plaintiff must show: (1) it possesses a legally protectable trademark; and (2) Defendants' use of the trademark creates a likelihood of confusion as to source, affiliation, or sponsorship. *Streamline Prod. Sys. v. Streamline Mfg.*, 851 F.3d 440, 450 (5th Cir. 2017) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). First, it is uncontroverted that Plaintiff owns a number of federally registered trademarks for the ROTO-ROOTER service mark: each of its marks has achieved incontestable status under 15 U.S.C § 1065, meaning its registrations are conclusive evidence of validity, ownership, and exclusive right. 15 U.S.C § 1115(b). Thus, the remaining question is whether Plaintiff has shown Defendants' use of the trademark creates a substantial likelihood of confusion.

The Fifth Circuit has identified eight "digits of confusion" to determine whether a likelihood of confusion exists: (1) the type of mark allegedly infringed; (2) the similarity between the two marks; (3) the similarity of the products or services; (4) the identity of the retail outlets and purchasers; (5) the identity of the advertising media used; (6) the defendant's intent; (7) any evidence of actual confusion; and (8) the degree of care exercised by potential purchasers. *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008) (quoting *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663-64 (5th Cir. 2000)). Analyzing these factors reveals Defendants' use of the Roto Rooter mark is likely to confuse consumers seeking plumbing-related services. The stronger the mark, the greater likelihood of confusion, and the record indicates ROTO-ROOTER is an eighty-five-year-old,

nationally recognized brand. Defendants included the mark in their business name "SEÑOR Rooter, Plumbing & Roto Rooter Plumbing Service," and operate in the same field of business as Plaintiff. Though intent is unknown because Defendants did not respond to the complaint, Plaintiff sent multiple cease-and-desist letters—which Defendants ignored. Evidence of actual confusion and care exercised by potential buyers is not stated in the record, but Plaintiff has pled "enough to raise a right to relief above the speculative level." *Wooten*, 788 F.3d at 498 (quoting *Twombly*, 550 U.S. at 555). Therefore, the Court determines there is a sufficient basis for the pleadings. As the default judgment is procedurally warranted and there is a sufficient basis for the pleadings, Plaintiff is entitled to a default judgment.

### III. Form of Relief

Next, the Court must determine if Plaintiff's remedies requested are appropriate upon the entry of default judgment. In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Plaintiff's requested relief limits the relief available on default judgment. See *Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). Because the requested relief does not exceed what is demanded in the pleadings, the Court now examines whether the relief requested is appropriate.

#### a. Permanent Injunction

Plaintiff first requests the Court permanently enjoin Defendants from using ROTO-ROOTER marks. Thus, the Court considers whether a permanent injunction is an appropriate remedy in this case based on a showing of irreparable harm. Under 15 U.S.C. § 1116(a), the Court may grant a permanent injunction for a violation of the Lanham Act if a plaintiff can prove: (1) actual success on the merits; (2) there is no adequate remedy at law; (3) the threatened injury to the plaintiff outweighs any damage to the defendant; and (4) that the injunction will not disserve

7

the public interest. *See Playboy Enters., Inc. v. Webbworld*, Inc., 991 F.Supp. 543, 561 (N.D.Tex.1997), (citations omitted) *aff'd*, 168 F.3d 486 (5th Cir.1999). The decision "to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006); *see also Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 329 (5th Cir. 2006).

Based on the record, the Court finds Plaintiff's request for permanent injunction should be granted. First, Plaintiff has demonstrated Defendants are continuously infringing Plaintiff's marks by using them to advertise and promote their business. Plaintiff has also shown these infringing acts show a likelihood of market confusion and, therefore, an irreparable injury. Courts have also acknowledged a default against a defendant is tantamount to actual success on the merits. *See, e.g.*, *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F.Supp.2d 782, 785 (E.D. Tex. 2006). Second, as noted by the Fifth Circuit, money damages are inadequate for continuing acts in infringement cases because they will not prevent future infringing activity by a defendant. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013); *see, e.g.*, *W.B. Music Corp. v. Big Daddy's Entm't, Inc.*, No. EP-05-CA-267-PRM, 2005 WL 2662553, at *3 (W.D. Tex. Oct.18, 2005). Plaintiff does not even request monetary damages in its case—rather, it only seeks the permanent injunction and reasonable attorney's fees (Dkt. #16). Third, requiring Defendants to refrain from any future infringing acts does not cause Defendants any hardship. Defendants have infringed on Plaintiff's trademark; requiring compliance with the law is an insignificant penalty compared to the continuing harm to Plaintiff's business if an injunction is not granted. Lastly, an injunction would serve the public interest by promoting compliance with intellectual property law. *See Arista*

*Records, Inc. v. Kabani*, No. 303CV1191–H, 2004 WL 884445, at *4 (N.D.Tex. Apr. 23, 2004). Accordingly, a permanent injunction is an appropriate remedy upon the entry of default judgment.

### b. Attorney's Fees

Plaintiff next requests reasonable attorney's fees for Defendants' violations of the Lanham Act. This Court may award reasonable attorney's fees under the Lanham Act, but only in "exceptional cases." 15 U.S.C. § 1117(a). Although the term "exceptional" is not statutorily defined, the Fifth Circuit holds an "exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992). The prevailing party bears the burden to demonstrate the exceptional nature based on all facts and circumstances of the case. *See Machinery Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 472–73 (Fed. Cir. 1985). But given the general rule against awarding attorney's fees, the prevailing party usually must show the exceptional nature of the case by clear and convincing evidence. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992). Crucially, "the necessary showing demands a high degree of culpability on the part of the infringer, for example bad faith or fraud." *Smack Apparel Co.*, 550 F.3d at 491.

Here, the Court finds attorney's fees are unwarranted under 15 U.S.C. § 1117(a) because Plaintiff has not proven by clear and convincing evidence how this is an "exceptional case" under the Lanham Act. Though Defendants ignored Plaintiff's demand letters and lawsuit, there is no clear and convincing evidence they attempted to gain a benefit or advantage by using Plaintiff's trademark. Further, Plaintiff has not provided any evidence of actual economic damages to its business. While the lack of damages does not prohibit courts from finding a case exceptional, "such a finding is an important circumstance to consider." *Moore Bus. Forms, Inc. v. Ryu*, 960

9

F.2d 486, 492 (5th Cir.1992) (citing *Hard Rock Cafe Int'l, Inc.*, 951 F.2d at 697 n.23). Plaintiffs plead general loss of business and harm to its business name because of the infringement but do not provide any substantive evidence to that effect. Therefore, without more evidence about Defendants' willfulness and Plaintiff's harm, attorney's fees are not an appropriate remedy.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff's Motion for Default Judgment and Permanent Injunction (Dkt. #16) is **GRANTED in part** and **DENIED in part**. Plaintiff is entitled to a default judgment and a permanent injunction, but Plaintiff is not entitled to attorney's fees.

**SIGNED this 1st day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE